<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDWIN B. MINCHIN, III, | |
| Plaintiff, | No. 25cv17576 (EP) (SDA) |
| v. | **MEMORANDUM ORDER** |
| ASCEND WELLNESS HOLDINGS, INC., *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Edwin B. Minchin III brings a variety of claims against his employer Ascend Wellness Holdings, Inc. ("Ascend"), Ascend's owner and employees (Abner Kurtin, Ryan Dawson, Jeff Ariola, Tracy Huff, Howard Hordyk, and Carl Caruso) (collectively with Ascend, the "Ascend Defendants"), the union of which he was a member—UFCW Local 360 ("Local 360" or the "Union"), Local 360's President Sam Ferraino, and UFCW Local 360 Representatives Michelle Marinnie and Karlos Paul[1] (collectively with Local 360, the "Local 360 Defendants") (together with the Ascend Defendants, "Defendants"). D.E. 1, Ex. A ("Complaint" or "Compl.").

After Plaintiff commenced this action in the Superior Court of New Jersey, Sussex County, Law Division, the Local 360 Defendants removed the case to this Court. Notice of Removal. Plaintiff then moved to remand the case back to state court. D.E. 10 ("Remand Motion" or "R. Mot.").[2] Both the Ascend Defendants and Local 360 Defendants oppose the Remand Motion. D.Es. 11 ("Local 360 Opposition" or "Local 360 Opp'n") & 12 ("Ascend Opposition" or "Ascend

---

[1] It does not appear that Paul has been served. *See* D.E. 1 ("Notice of Removal") ¶ 17.

[2] The Court collectively construes the letter, motion, and memorandum of law submitted at D.E. 10 as Plaintiff's Motion.

Opp'n"). Plaintiff has replied to both the Local 360 Opposition and the Ascend Opposition in a single filing. D.E. 17 ("R. Reply"). While the Remand Motion was pending, Plaintiff also filed a "Motion to Prioritize Ruling on Pending Motion to Remand and to Stay Merits Briefing." D.E. 33 ("Second Remand Motion").

Shortly thereafter, Defendants moved to dismiss the Complaint on a variety of grounds, including under Federal Rules of Civil Procedure 8(a) and 12(b)(6). D.Es. 36-1 ("Ascend MTD")[3] & 37-1 ("Local 360 MTD")[4] (collectively, the "MTDs"). Plaintiff opposes the MTDs in two separate submissions. D.Es. 38 & 39. Both the Ascend Defendants and the Local 360 Defendants filed reply briefs in further support of their respective MTDs. D.Es. 41 & 42.

The Court decides all motions without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons explained below, the Court will **DENY** the Remand Motion, **DENY** the Second Remand Motion as **MOOT**, **GRANT** the MTDs, and **DISMISS** the Complaint *without prejudice*.

## I.    BACKGROUND

### A.    Factual Background[5]

Spanning approximately 175 pages in allegations (and over 230 pages with exhibits), the Complaint covers a variety of allegations against Defendants and numerous non-parties "for a systemic pattern of reckless endangerment, retaliation, fraud, and harassment" that all stem from

---

[3] The Ascend Defendants filed their Notice of Motion at D.E. 36.

[4] The Local 360 Defendants filed their Notice of Motion at D.E. 37.

[5] As discussed in more depth *infra*, Plaintiff's Complaint is largely incomprehensible. Given Plaintiff's *pro se* status, the Court will construe his complaint liberally and, to the extent it is possible, will identify a cause of action even though Plaintiff does not formally assert it. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

his time working in Ascend's Franklin, New Jersey, cannabis cultivation facility (during which he was a member of Local 360).  Compl. at 5.[6]  This facility was nicknamed the "Rainforest Cafe." *Id.*

Some of Plaintiff's allegations concern alleged safety failures at the Rainforest Cafe, including not having smoke detectors for over a year, electrical failures, exposure to chemicals, ladder hazards, and potential exposure to asbestos.  *Id.*  Plaintiff claims these hazards were known by all levels of leadership at Ascend, but they were not timely or adequately addressed, to the extent they were addressed at all.  *Id.* at 9.  For this conduct, Plaintiff references several causes of action, including negligent hiring and retention, retaliation, hostile work environment, and "federal disability accommodation standards."  *Id.* at 104.

Other allegations concern Ascend repeatedly miscalculating and/or deliberately underpaying holiday wages from 2023 through 2025, in violation of the Collective Bargaining Agreement ("CBA") between Ascend and Local 360.  *Id.* at 113-16; D.E. 36-2 (the "CBA").[7] Plaintiff specifically mentions that payments on Labor Day, Juneteenth, Memorial Day, Thanksgiving, Christmas, and July 4th were all miscalculated.  Compl. at 113, 116.  According to

---

[6] For ease of reference, the Court refers to the page numbers automatically generated by CM/ECF when citing to Plaintiff's Complaint.

[7] The Court refers to CBAs generally as well as the CBA relevant to this action.  For clarity, the CBA referenced in the Complaint (and throughout the parties' briefs) will be referred to as "*the* CBA."

This Court may refer to the CBA when deciding the present motions because the Court can rely on "document[s] integral to or explicitly relied upon in the complaint . . . without converting [a] motion to dismiss into one for summary judgment.'"  *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). This has also been extended to excerpts from documents included in the complaint, but which themselves are not attached in full.  *See Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 37 n.1 (3d Cir. 2018) (citing *id.*).

Plaintiff, the CBA requires time-and-a-half pay for holidays, in addition to credit toward the 40-hour work week. *Id.* at 116. And despite this "clear contractual language," Ascend "attempted to mischaracterize holiday pay as straight pay or regular pay only." *Id.* at 116. Plaintiff repeatedly raised this payment issue with individuals at Ascend, who ignored and/or covered up these issues. *Id.* Plaintiff asserts this conduct was wage theft in violation of New Jersey's Wage and Hour Law as well as the Fair Labor Standards Act. *Id.*

Relatedly, Plaintiff claims that Local 360 "abandoned its duty of fair representation" by not addressing these payment issues with Ascend. *Id.* at 113; *id.* at 116. Plaintiff and other employees reached out to Local 360 representatives to request it file grievances with Ascend concerning the holiday pay issue. Plaintiff first contacted former Local 360 Representative Paul, who allegedly failed to file or mishandled grievances. *Id.* at 113-14. Plaintiff claims that Paul's inaction constitutes "wage theft by omission." *Id.* at 113. In text chains, Paul also "minimized or distorted contract language, referring to 'holiday straight pay' instead of the actual CBA requirement." *Id.* at 72.

Plaintiff further alleges that he raised the holiday pay issue with Local 360 Union Representative Marinnie, who replaced Paul, but she, like Paul, failed to pursue holiday pay grievances on behalf of Local 360 members like Plaintiff. *Id.* at 94-95. At bottom, Local 360 "ignored or bungled holiday pay disputes despite clear CBA language," *id.* at 113, and this "inaction constitutes wage theft by omission and a breach of fiduciaty [sic] duty," *id.* at 114.

In addition, Plaintiff references other state law claims, such as retaliation, intentional infliction of emotional distress, negligent supervision, falsification of records, and conspiracy to

retaliate.  *Id.* at 111.  Plaintiff also mentions violations of the Americans with Disabilities Act and Title VII in numerous places.  *See, e.g.*, *id.* at 21, 30, 38, 61, 81, and 82.[8]

### B.  Procedural History

Plaintiff commenced this action in the Superior Court of New Jersey on October 8, 2025.  Notice of Removal ¶ 2.  Defendant Local 360 was served on October 24, 2025.  *Id.* ¶ 3.  The Local 360 Defendants removed this action to federal court on November 14, 2025.  *See* Dkt.  The Ascend Defendants consent to and join the Local 360 Defendants' Notice of Removal.  Notice of Removal ¶ 17 (citing D.E. 1, Ex. B).

As indicated *supra*, following removal, Plaintiff moved to remand this action.  After briefing on the Remand Motion was complete, both the Local 360 Defendants and Ascend Defendants moved to dismiss the Complaint.  Briefing on the MTDs is also complete.  Thus, all three Motions (as well as Plaintiff's Second Remand Motion) are ripe for a decision.

## II.  REMOVAL MOTION

### A.  Legal Standard

A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter.  28 U.S.C. § 1441(a).  After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *see also Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995).  The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand."  *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted).

---

[8] As explained *infra*, it is difficult for the Court and the parties to discern the exact contours of Plaintiff's Complaint and the causes of action he wishes to bring.  Nevertheless, because the Court will, when reviewing a *pro se* litigant's complaint "apply the relevant legal principle even when the complaint has failed to name it," *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021), the Court attempts to do so throughout this Memorandum Order.

*Trinity Life Ins. Co. v. 248 Brynmore Rd LLC*, No. 23-20548, 2024 WL 3070205, at *3 (D.N.J. June 20, 2024).

Procedurally speaking, to remove an action to federal court, a party must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure," which contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The notice of removal must be filed within 30 days after receipt by or service on that defendant of the initial pleading or summons, whichever period is shorter.  28 U.S.C. § 1446(b)(1).  When a civil action is removed pursuant to 28 U.S.C. § 1446(a), all properly joined and served defendants must join in or consent to the removal.  28 U.S.C. § 1446(b)(2)(A).

"As the [parties] asserting federal jurisdiction by way of removal, [Defendants] bear[] the burden of establishing that subject matter jurisdiction exists at all stages in which the case is properly before the federal court."  *Citigroup Mortg. Loan Tr. 2021-A v. Adams*, No. 25-14231, 2025 WL 4632824, at *3 (D.N.J. Oct. 10, 2025), *report and recommendation adopted*, No. 25-14231, 2026 WL 642113 (D.N.J. Mar. 6, 2026) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

### B.    Federal Question Jurisdiction

This action was removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a).  *See* Notice of Removal ¶ 6.[9]  "District courts have federal question subject

---

[9] Plaintiff's primary arguments in support of his Remand Motion—that removal violates the "forum defendant rule" and that the parties lack complete diversity, R. Mot. at 4—miss the mark.

When a case is removed to federal court on the basis of federal question jurisdiction, the parties' citizenship is not relevant.  *See* 28 U.S.C. § 1441(a).  Similarly, "the forum defendant rule applies only when an action is 'removable solely on the basis of [diversity] jurisdiction.'"  *Clary v. Pa.*

matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Citigroup Mortg. Loan Tr. 2021-A*, 2025 WL 4632824, at \*4 (quoting 28 U.S.C. § 1331). For a claim to arise under federal law, the complaint "must establish 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of [a] substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27-28 (1983)). This is known as the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

An exception to the well-pleaded complaint rule is the doctrine of complete preemption. *Castillo v. Express Scripts, Inc.*, No. 18-3144, 2018 WL 4941788, at \*2 (D.N.J. Oct. 12, 2018). This exception arises when "Congress has so completely preempted [a matter] that any civil complaint that falls within this category is necessarily federal in character." *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000). Thus, when an area of state law is preempted by federal law, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393 (citation modified).

As relevant to this action, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*, completely preempts certain state causes of action. *Castillo*, 2018 WL 4941788, at \*2. Section 301(a) of the LMRA specifically provides for federal jurisdiction over disputes regarding CBAs. 29 U.S.C. § 185(a); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988) (explaining that § 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of [CBAs], and thus to promote the peaceable, consistent resolution of

---

*State Univ.*, No. 24-6793, 2025 WL 757071, at \*3 (E.D. Pa. Mar. 7, 2025) (quoting 28 U.S.C. § 1441(b)(2)).

7

labor-management disputes"). In fact, "the Supreme Court has held that 'a suit in state court alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law.'" *Snyder v. Dietz & Watson, Inc.*, 837 F. Supp. 2d 428, 437-38 (D.N.J. 2011) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985)). Accordingly, courts construe § 301 of the LMRA to preempt state law claims "founded directly on rights created by [CBAs]," or that are "substantially dependent on analysis of a [CBA]." *Rutledge v. Int'l Longshoremen's Ass'n AFL-CIO*, 701 F. App'x 156, 160 (3d Cir. 2017) (quoting *Caterpillar*, 482 U.S. at 394) (citation modified).

> However, preemption of state law claims under the LMRA is limited in scope: "The LMRA has no preemptive effect where there are state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract, or where the state law claim can be resolved without substantially interpreting the collective bargaining agreement itself." *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 191-92 (D.N.J. 2021) (internal quotation marks and citations omitted).

*Lane v. Loc. 827 I.B.E.W., AFL-CIO*, No. 22-6412, 2023 WL 4268927, at *2 (D.N.J. June 29, 2023).

"The fundamental question in evaluating Section 301 preemption is whether resolution of the state law claim turns on the meaning of a [CBA]." *McKeown v. Verizon N.J. Inc.*, No. 12-5080, 2012 WL 5504866, at *2 (D.N.J. Nov. 8, 2012) (citing *Lingle*, 486 U.S. at 405-06), *report and recommendation adopted*, 2012 WL 5989468 (D.N.J. Nov. 27, 2012). "If resolution substantially depends on the meaning of the terms of a CBA, state law is displaced by 'federal labor-law principles . . . [which] must be employed to resolve the dispute.'" *Krasucki v. Am. Mar. Servs. of New York Inc.*, No. 23-3268, 2024 WL 2327985, at *3 (D.N.J. Apr. 25, 2024) (quoting *Rutledge*, 701 F. App'x at 160), *report and recommendation adopted*, No. 23-3268, 2024 WL 2318773 (D.N.J. May 20, 2024).

8

To determine whether a state law claim is "inextricably intertwined with considerations of the terms of the labor contract," *Lueck*, 471 U.S. at 213, the Court analyzes the specific claims at issue. "When a court determines that a state-law claim is subject to preemption and arises under federal law, the court may either treat the claim as a LMRA claim or dismiss the claim as preempted." *Medley*, 550 F. Supp. 3d at 192 (quoting *id.* at 220).

**C.      Analysis**

At the outset, the Court notes that it, like Defendants, identifies references to several federal laws throughout Plaintiff's Complaint, including: (1) the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*; (2) the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 651 *et seq.*; (3) the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*; and (4) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq. See* Notice of Removal ¶ 16 (citing references to claims brought under federal law); Ascend Remand Opp'n at 4 (same); Ascend MTD at 9 (same).[10]  The invocation of these statutes alone confers jurisdiction on the Court over the Complaint. *See, e.g.*, *Stewart v. Lewis*, No. 19-847, 2019 WL 4267387, at *3 (W.D. Pa. Sept. 10, 2019) (noting that the "plain language of the removal statute" allows a defendant to litigate a claim brought under the FLSA in federal court).  Nevertheless, because these causes of action appear ancillary to the heart of the Complaint—Ascend violating the terms of the CBA by underpaying employees on holidays and Local 360 failing to represent members with their payment grievances—the Court will proceed to consider whether it has federal question jurisdiction arising from § 301 of the LMRA.

---

[10] Indeed, as summarized by the Local 360 Defendants, the Complaint makes 171 references to OSHA and OSHA Standards, 19 references to HIPAA, 39 references to the ADA, as well as myriad references to other federal regulations.  Local 360 Remand Opp'n at 2-3 n.4.

9

As explained above, "[s]tate-law claims are independent of a labor contract [only] if they can be resolved without interpreting the contract itself." *Snyder*, 837 F. Supp. 2d at 439. After considering the Complaint, the Court concludes that it must interpret the terms of the CBA to, at a minimum, decide some of Plaintiff's claims, including his "wage theft" claim brought under the New Jersey Wage and Hour Law, N.J. Stat. Ann. § 34:11-58. Compl. at 116 (alleging that Ascend's conduct violates the "NJ Wage and Hour Law" by miscalculating or deliberately underpaying holiday wages in contravention of the CBA's "explicit" requirement for time-and-a-half pay for holidays).

Deciding the merits of Plaintiff's wage theft claim will require the Court to analyze the CBA and interpret its provisions. This very issue was addressed in *Johnson v. Langer Transport Corp.*, where the Court concluded that a plaintiff's "claims for unpaid wages under the [New Jersey Wage and Hour Law] are preempted under the LMRA because such claims, at their core, require an analysis and interpretation of the CBA and, therefore, are preempted by the CBA." No. 15-1256, 2015 WL 2254671, at *5 (D.N.J. May 13, 2015). Like in *Johnson*, the dispute underlying Plaintiff's wage theft claim is preempted by the LMRA because to determine what rate of pay Ascend was required to pay Plaintiff and other Local 360 members working at Ascend, the Court must review Article 5 of the CBA, which governs the rate of holiday pay for Local 360 members like Plaintiff. Local 360 Remand Opp'n at 8-9; the CBA at 4-5.

As best as the Court can discern, it appears Plaintiff alleges not only that Ascend violated the New Jersey Wage and Hour Law by failing to pay him in accordance with the terms of the CBA, but that Local 360 breached its duty of fair representation ("DFR") for failing to file grievances with Ascend on this issue despite Plaintiff's repeated complaints. Compl. at 114-17. If so, Plaintiff's Complaint asserts a "hybrid" claim that must be brought under § 301 of the

10

LMRA.  A DFR claim is known as a "hybrid" claim "because the employee alleges under § 301 of the LMRA that the employer breached the CBA and also alleges that the Union breached its duty of fair representation . . . by failing to press the employee's grievance."  *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 526 (D.N.J. 2017).  "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith."  *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).  A determination of this claim will require the Court to consider the terms of the CBA and analyze whether Local 360 and specific Local 360 Defendants breached their duty of fair representation.

Moreover, Plaintiff alleges that at least one Local 360 representative "minimized or distorted contract language," by "referring to 'holiday straight pay' instead of the actual CBA requirement."  Compl. at 72.  Deciding whether Plaintiff's claims regarding non-compliance with the CBA's language will also require the Court to interpret provisions of the CBA.

In sum, the Court concludes that this Court has jurisdiction to decide this action because: (1) Plaintiff appears to bring causes of action under federal law and (2) Plaintiff brings claims that are preempted by the LMRA.  Therefore, Plaintiff's Remand Motion is **DENIED**, and his Second Remand Motion is **DENIED** as **MOOT**.

## III.     MOTIONS TO DISMISS

### A.     Legal Standard

Federal Rule of Civil Procedure 8 requires a complaint to provide "a short and plain statement showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Each allegation must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, Rules 8(a) and [8(d)(1)] underscore the emphasis placed on clarity and brevity by the federal pleading rules."  *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 at 169 (2d ed. 1990)).

11

"The purpose of the 'short and plain statement' requirement is 'to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Kamden-Ouaffo v. Huczko*, No. 16-8859, 2018 WL 11486497, at *1 (D.N.J. Mar. 6, 2018) (quoting *Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 WL 2384993, at *1 (E.D. Pa. Oct. 25, 2004)).

> Violations of the short and plain statement rule have included complaints that were too long, repetitious, or confused. *See Westinghouse*, 90 F.3d at 703 (finding that a complaint more than 600 paragraphs and 240 pages was too long); *see also U.S. ex rel. Dattola v. National Treasury Employees Union,* 86 F.R.D. 496 (W.D. Pa. 1980) (holding that a *pro se* complaint charging over one-hundred defendants with several claims was too confused). In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

*Parker*, No. 03-6936, 2004 WL 2384993, at *1 (E.D. Pa. Oct. 25, 2004).

"A complaint may permissibly be dismissed based on Rule 8 noncompliance." *Marchisotto v. Malik*, No. 20-20426, 2022 WL 2341631, at *5 (D.N.J. June 29, 2022) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Whether Rule 8's "short and plain statement" requirement is satisfied is a "context-dependent exercise." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

Finally, when "determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff." *Marchisotto*, 2022 WL 2341631, at *5 (citing *Erickson*, 551 U.S. at 93-94). But while "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94, "even a *pro se* pleading is required to 'set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist,'" *Marchisotto*, 2022 WL 2341631, at *5 (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993)).

12

**B.    Analysis**

Put simply, Plaintiff's Complaint is neither "simple, concise, [nor] direct."  *Rhett v. N.J. State Superior Ct.*, 260 F. App'x 513, 515 (3d Cir. 2008) (quoting *Westinghouse,* 90 F.3d at 702). The Complaint contains approximately 175 pages of scattershot allegations—many pages are just single-spaced paragraphs—along with another fifty pages of exhibits, many of which are blurry images that are difficult to even decipher.  *See Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) ("Upon review of the record, and holding [plaintiff's] amended complaint to less stringent standards in light of his *pro se* status, we agree with the District Court that the amended complaint failed to comply with Rule 8.  The amended complaint consists of approximately fifty pages of rambling allegations, presented mostly in single-paragraph style, often with each paragraph spanning several pages.").

"While a complaint's excessive length alone is not determinative for a Rule 8(a) dismissal, its excessive length compounded by a lack of clarity should deem it unacceptable." *Parker*, 2004 WL 2384993, at *2 (citing *Westinghouse*, 90 F.3d at 703).  Plaintiff's Complaint is rambling and confusing.  It follows no consistent format, contains sentence fragments, incomplete thoughts with little to no context, and provides a litany of information seemingly unrelated to his claims.  Despite Defendants' commendable attempts to identify the causes of action Plaintiff references in the Complaint,[11] Plaintiff fails "to put the proper defendants on notice so that they can frame an answer" to Plaintiff's allegations.  *Dist. Council 47 v. Bradley et al.*, 795 F.2d 310, 315 (3d Cir. 1986).  This is partially because Plaintiff references federal and state laws in passing across dozens

---

[11] The Ascend Defendants identify eleven potential causes of action.  *See* Ascend MTD at 9-10. In an amended pleading, Plaintiff should specifically identify which of these claims he wishes to bring, and against which Defendants.

13

of pages, and it is unclear from these mentions whether Plaintiff intends to state a claim for relief under those causes of action.

Defendants are also unable to fully defend this action because it is impossible to tell which causes of action Plaintiff wishes to assert against which Defendants—*i.e.*, Plaintiff engages in impermissible group pleading. A group pleading "is a complaint that 'fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Foulke v. Twp. of Cherry Hill*, No. 23-02543, 2024 WL 3568841, at *7 (D.N.J. July 29, 2024) (quoting *Morales v. New Jersey*, No. 21-11548, 2023 WL 5003891, at *4 (D.N.J. Aug. 3, 2023)). Thus, when "it is 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief,'" *Innovative Cosm. Concepts, LLC v. Brown Packaging, Inc.*, No. 18-5939, 2020 WL 7048577, at *2 (D.N.J. Apr. 28, 2020) (quoting *Swift v. Pandey*, No. 13-649, 2013 WL 3336768, at *3 (D.N.J. July 2, 2013)), a complaint is in violation of Rule 8. Here, the Court agrees with Defendants that Plaintiff impermissibly group pleads. As the Ascend Defendants put it:

> Plaintiff's Complaint . . . commits three of these impermissible shotgun pleading violations: (i) it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (ii) fails to "separate into a different count each cause of action or claim for relief"; and (iii) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Richardson v. EzriCare, LLC*, No. 23-3498, 2024 WL 4349687, at *4 (D.N.J. Sept. 30, 2024).

Ascend MTD at 9.

The Court is on firm ground to dismiss the Complaint for failing to comply with Rule 8. "Plaintiff's unnecessary prolixity places an unjustified burden on the Court and Defendants such that both are forced to select the relevant material from a mass of verbiage." *Marchisotto*, 2022

WL 2341631, at *6 (D.N.J. June 29, 2022).[12]  However, the need for Plaintiff to plead with specificity is especially important in this action given that some of his claims may be preempted by the LMRA.  *See supra* Section II.C.  Determining whether a state law claim is preempted by the LMRA is a context-specific inquiry and requires the Court to analyze whether the claims are "inextricably intertwined with considerations of the terms of the labor contract."  *Lueck*, 471 U.S. at 213.  The Court cannot do that because the overwhelming majority of Plaintiff's claims are incomprehensible.  Because Plaintiff fails to present his allegations in a clear and concise manner, the Court cannot ascertain which of Plaintiff's state law claims (aside from the claims identified *supra*) are intertwined with the CBA between Local 360 and Ascend, and accordingly, declines to reach the parties' arguments regarding dismissal on preemption grounds.

In sum, Plaintiff's Complaint fails to comply with Rule 8 in numerous respects.  It is unnecessarily long and confusing, contains extraneous information, fails to clearly identify causes of action, and does not put Defendants on notice of which claims are brought against which Defendants.  Without such clarity, Defendants are unable to prepare a defense and the Court cannot decide the merits of Plaintiff's claims.

The Court will provide Plaintiff with **45 days** to prepare an amended pleading.  Plaintiff's amended pleading must, at a minimum, make clear which causes of action he wishes to assert, indicate which Defendants are responsible for which acts or omissions, and provide allegations that support those claims beyond legal conclusions.

---

[12] In this vein, the Court, like Defendants, recognizes that Plaintiff may have used generative artificial intelligence ("GAI") when drafting the Complaint.  To the extent Plaintiff has, he must comply with Section I(B) of the Undersigned's Preferences, which requires a mandatory certification that the GAI work product was diligently reviewed by a human being for accuracy and applicability.

15

IV.    **CONCLUSION**

For the reasons stated above,

**IT IS**, on this **1st** day of June, 2026,

**ORDERED** that Plaintiff's Remand Motion, D.E. 10, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Second Remand Motion, D.E. 33, is **DENIED** as **MOOT**; and it is further

**ORDERED** that the MTDs, D.Es. 36 & 37, are **GRANTED** due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 8; and it is further

**ORDERED** that the Complaint is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff may file an amended complaint within **45 days** of this Memorandum Order that cures the deficiencies identified *supra*; and it is finally

**ORDERED** that the Clerk of Court shall mail Plaintiff a copy of this Memorandum Order.

_____
Evelyn Padin, U.S.D.J.

16